**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE: MICHAEL A. MALONE**                    Case No. 04-41183-DOT
    Chapter 7 Debtor

**KEVIN R. HUENNEKENS, TRUSTEE**
            Plaintiff,
v.                                                              Adv. Proc. No. 05-03025-DOT

**MICHAEL A. MALONE**
            Defendant

## MEMORANDUM OPINION

Kevin Huennekens, trustee, brought this adversary proceeding pursuant to 11 U.S.C. §

727(a)(2)(A) to deny the defendant debtor's chapter 7 discharge in bankruptcy. Trial was held

July 27, 2005, at which time the court received documentary evidence and testimony of the

trustee and the debtor. At the conclusion of the trial the court ruled from the bench that judgment

would be granted for the debtor and the complaint dismissed. This opinion supplements the

court's bench ruling.

### Findings of Fact.

Debtor filed this chapter 7 case on December 3, 2004, and plaintiff serves as trustee.

In August 2004, debtor, who was having financial problems primarily because of large

credit card indebtedness, consulted his present bankruptcy attorney.

On August 27, 2004, after consulting his attorney, debtor sold his residential real

property located in Chesterfield County, Virginia, from which he received net cash proceeds of

$39,453.05.

During the intervening weeks following the sale of his residence and prior to the filing of

this bankruptcy case, debtor spent most of the proceeds of the sale. At the § 341 meeting of

creditors conducted by the trustee after debtor filed bankruptcy, debtor submitted to the trustee

an itemized list of the funds expended from the sales proceeds up to the time of filing this case. (

Plaintiff Ex. 3.)

Included in the debtor's expenditures from the sale proceeds were $11,108.89 for

furniture and a total of $3,996.99 for expenses of his wedding to his present wife. This latter

included a wedding ring for $1,339.99 and a honeymoon trip for $1,527.00. The other items of

expenditure listed by debtor were mostly for normal household expenses, debt payments, and

employment related items such as a cell phone, a generator and tools. During the same period,

debtor made no significant payment out of the sale proceeds toward his credit card debt.

Conclusions of Law.

Section 727 of the Bankruptcy Code allows debtors to receive a general discharge of their

debt in keeping with the purpose of bankruptcy law, to give honest debtors a fresh start

"unhampered by the pressure and discouragement of preexisting debt." See Farouki v. Emirates

Bank Int'l, Ltd., 14 F.3d 244, 249 (4th Cir. 1994) (quoting Lines v. Frederick, 400 U.S. 18, 19

(1970)). However, provisions enumerated in § 727(a)(1)-(10) prohibit a discharge for those who

"play fast and loose with their assets or with the reality of their affairs." See id. (quoting Boroff

v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987)); First Union Nat'l Bank v. Golub (In re

Golub), 252 B.R. 69, 75 (Bankr. E.D. Va. 2000).

A leading treatise on bankruptcy law has stated:

> The provisions denying a discharge to a debtor are generally construed
> liberally in favor of the debtor and strictly against the creditor. Courts have noted
> that "a total bar to discharge is an extreme penalty." The reasons for denial of a
> discharge must be real and substantial rather than technical and conjectural.
> However, "[w]hile the law favors discharges in bankruptcy, it will not ordinarily
> tolerate the [debtor's] intentional departure from honest business practices where

2

there is a reasonable likelihood of prejudice."

See 6 Collier on Bankruptcy, ¶ 727.01[4] (Alan N. Resnick & Henry J. Sommer, eds., rev. 2003)

(citations omitted).

A plaintiff has the burden of proof for a denial of discharge under § 727 by a

preponderance of the evidence. See Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d at 249; Harmon

v. McGee (In re McGee), 157 B.R. 966, 973 (Bankr. E.D. Va. 1993).

The trustee filed this proceeding to deny debtor's discharge pursuant to § 727(a)(2)(A),

which provides that a debtor will be granted a discharge unless "the debtor, with intent to hinder,

delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed . . .

property of the debtor, within one year before the date of the filing of the petition."  11 U.S.C. §

727(a)(2)(A). The key to this provision is debtor's intent, and the court takes the position, in line

with the above statement from Collier, that discharge should not be denied unless there is a good

indication that the debtor truly intended to commit fraud on his creditors.

Because direct evidence of fraudulent intent is rarely available, courts have relied upon

badges of fraud to infer fraudulent intent. See Riggs Nat'l Bank v. Andrews (In re Andrews), 186

B.R. 219, 222 (Bankr. E.D. Va. 1995), citing In re Warner, 87 B.R. 199, 202 (Bankr. M.D. Fla.

1988); Hyman v. Porter (In re Porter), 37 B.R. 56, 63 (Bankr. E.D. Va. 1984). The badges of

fraud include: (1) a relationship between the debtor and the transferee; (2) lack of consideration

for the conveyance; (3) debtor's insolvency or indebtedness; (4) transfer of debtor's entire estate;

(5) reservation of benefits, control, or dominion by the debtor; (6) secrecy or concealment of the

transaction; and (7) pendency or threat of litigation at the time of transfer. See In re Andrews,

186 B.R. at 222; In re Porter, 37 B.R. at 63.

In this case, none of the badges of fraud persuade the court that debtor intended to hinder, delay or defraud his creditors. Debtor gave the trustee the list of expenditures in question at the § 341 meeting, and he has continued to be above board about these items. He testified at trial that he did not believe his use of the funds was improper. He hoped to avoid bankruptcy and reach an accommodation with his creditors. However, his wife became ill, and they no longer could count on her income.

Although debtor's use of the sales proceeds after meeting with his bankruptcy attorney and his delay in filing this case give some credence to the trustee's argument, an examination of the expenditures reveals that most of them are rather ordinary expenses. It boils down to questionable items totaling just over $15,000.00, i.e., furniture of approximately $11,000.00 and wedding and honeymoon costs of $4,000.00. Although it may have been imprudent of debtor to spend these sums in the face of his credit card debt, the court is unable to conclude that he intended to hinder, delay or defraud his creditors. The circumstantial evidence is just not sufficient to overcome debtor's trial testimony.

A separate order will be entered dismissing the trustee's complaint.

Signed: _____

 /s/ Douglas O. Tice Jr._____
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Kevin R. Huennekens, Esquire
Kevin J. Funk, Esquire
KUTAK ROCK LLP

1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Counsel for Plaintiff

Kenneth W. Paciocco, Esquire
5905 West Broad Street, Suite 301
Richmond, Virginia 23230
Counsel for Debtor/Defendant